**Christopher CHISIM d/b/a Consumer Electronics Training Center, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver of Great American Savings & Loan Association, F.A., Defendant.**

**No. 91 C 6042.**

United States District Court, N.D. Illinois, E.D.

Dec. 24, 1991.

---

Maurice Albin, Sigel & Albin, Chicago, Ill., for plaintiff.

Mitchell Ware, Andrea Michele Buford, Jones, Ware & Grenard, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action concerns a lease for premises located at 6239 South Western Avenue, Chicago, Illinois, negotiated and executed by Consumer Electronics Training Center ("CETC") and Resolution Trust Corporation ("RTC") as conservator of the Great American Savings & Loan Association, F.A. ("GASLA"), a now defunct federally insured savings and loan association. Plaintiff Christopher Chisim, d/b/a CETC, brings this single-count complaint against RTC as receiver for GASLA, seeking declaratory judgment and other relief for alleged breaches of the terms of the lease.[1] Currently before this court is RTC's motion to strike and dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons as set forth below, we grant the motion.

The gravamen of RTC's motion is that this court lacks subject matter jurisdiction to hear Chisim's claim because he has failed to exhaust the administrative procedures for asserting claims against RTC as outlined in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d). To date, every jurisdiction that has considered the statutory procedures set forth in FIRREA has concluded that compliance with these administrative procedures is mandatory and that they must be exhausted in order for a district court to entertain the claim. *See, e.g., United States v. Altman,* 762 F.Supp. 139, 142–44 (S.D.Miss.1991); *United Bank of Waco, N.A. v. First Republic Bank, N.A.,* 758 F.Supp. 1166, 1168 (W.D.Tex.1991); *Rexam Ltd. Partnership v. Resolution Trust Corporation,* 754 F.Supp. 245, 246 (D.C. Puerto Rico 1990); *Circle Indus., Div. of Nastasi–White, Inc. v. City Fed. Sav. Bank,* 749 F.Supp. 447, 454–55 (E.D.N.Y.1990), *aff'd,* 931 F.2d 7 (2d Cir.1991); *Tuxedo Beach Club Corp. v. City Fed. Sav. Bank,* 737 F.Supp. 18, 19 (D.N.J.1990). Indeed, the plain language of FIRREA unmistakably supports this position.

Congress enacted FIRREA, effective August 9, 1989, to provide "a detailed regulatory framework so as to restore the financial integrity of the thrift industry's deposit insurance fund and to 'provide funds from public and private sources to deal expeditiously with failed depository institutions.'" *Circle Indus.,* 749 F.Supp. at 451 (quoting P.L. 101–73, 103 Stat. 183, § 101[8]). To further these purposes, Congress established the RTC "to contain, manage and resolve failed savings associations." *Id.; see also* 12 U.S.C. § 1441a(b)(3)(A) (RTC shall "manage and resolve all cases involving depository institutions"). Upon being appointed as receiver of a failed thrift institution, FIRREA requires RTC to publish a notice to the institution's creditors, informing them "to present their claims, together with proof, to the [RTC] by a date specified in the notice which shall be not less than 90 days after the publication of such notice." 12 U.S.C. § 1821(d)(3). The RTC is charged with determining whether to allow the claim and must notify the claimant of such decision within 180 days of presentment. *Id.* § 1821(d)(5). After either notification of the RTC's determination or the expiration of the 180–day period, the creditor may either "request administrative review of the claim ... or file suit on such claim ... in the district or territorial court of the United States for the district within which

---

1. Although Chisim's complaint initially named RTC in its corporate capacity as defendant, the real party in interest is in fact RTC as receiver of GASLA. Accordingly, on November 19, 1991, this court granted RTC's motion for substitution pursuant to Fed.R.Civ.P. 17(a).

the depository institution's principal place of business." *Id.* § 1821(d)(6). Section 1821(d)(13)(D) leaves no doubt that a claimant must first comply with the statutory procedures detailed above prior to maintaining an action in federal court:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [Resolution Trust] Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Chisim does not dispute that FIRREA procedures must be exhausted prior to bringing an action against RTC in this federal court. Instead, Chisim maintains that RTC's service of a Landlord's Five–Day Notice is tantamount to a rejection of plaintiff's claim, thus obviating the formal task of submitting the claim to the RTC. We disagree. The five-day notice was served on October 10, 1991, 16 days after Chisim filed the instant suit. As such, it is impossible to equate such an action with a rejection of Chisim's claim. To be sure, had Chisim presented his claim as required under FIRREA prior to filing this suit, it is doubtful that such a course of action would have been pursued by RTC. Indeed, the objective of exhaustion is to allow RTC to dispose of the bulk of claims against a failed institution expeditiously, fairly and without resort to further procedures.

Accordingly, as Chisim has failed to exhaust the administrative procedures set forth in FIRREA, this court lacks subject matter jurisdiction to hear his claim, and it is dismissed. It is so ordered.