957 F.2d 145
 R. Gordon DARBY; Darby Development Company; Darby Realty
Company; Darby Management Company, Incorporated;
MD Investment; Parkbrook Acres
Associates; Parkbrook
Developers,
Plaintiffs-Appellees,
v.
Jack KEMP, Secretary of Housing and Urban Development; C.
Austin Fitts, Assistant Secretary for Housing/FHA
Commissioner; United States of America,
Defendants-Appellants.
 No. 91-2113.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 31, 1991.
Decided Feb. 26, 1992.
 
 Lori Marie Beranek, Civil Div., U.S. Dept. of Justice, Washington, D.C., argued, for defendants-appellants.
 Steven D. Gordon, Dunnells, Duvall & Porter, Washington, D.C., argued (Stuart M. Gerson, Asst. Atty. Gen., Anthony J. Steinmeyer, Civil Div., U.S. Dept. of Justice, Washington, D.C., E. Bart Daniel, U.S. Atty., Michelle Z. Ligon, Asst. U.S. Atty., Marvin J. Caughman, Asst. U.S. Atty., Columbia, S.C., on brief), for plaintiffs-appellees.
 Before PHILLIPS and WILKINS, Circuit Judges, and WARD, Senior District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 WILKINS, Circuit Judge:
 
 
 1
 The Secretary of Housing and Urban Development appeals an order of the district court denying his motion to dismiss R. Gordon Darby's claim that the Secretary improperly debarred him from entering into various transactions with all executive branch agencies. The Secretary asserts that Darby's failure to exhaust the available remedies precludes his filing this action in federal court. We agree. Consequently, we reverse and remand.
 
 I.
 
 2
 In mid-1982, Darby and his real estate development companies (Darby) began to finance, build and develop multi-family housing projects in South Carolina using single-family mortgage insurance programs offered by the United States Department of Housing and Urban Development (HUD). Darby's financing method evaded HUD limitations on minimum investment requirements and the number of mortgages issued to a single borrower. After an investigation, HUD concluded that the financing method violated various regulations and issued a Limited Denial of Participation (LDP) that prohibited Darby from taking part in HUD programs in South Carolina for one year. The Assistant Secretary for Housing and Urban Development proposed to debar Darby indefinitely after HUD learned that Darby used the same financing method to obtain permanent financing for other housing developments.
 
 
 3
 Pursuant to HUD regulations, Darby challenged the LDP and the debarment before an Administrative Law Judge (ALJ). See 24 C.F.R. § 24.313 (1991). On April 13, 1990, after a four-day hearing, the ALJ issued an order that upheld the LDP but reduced the indefinite debarment to eighteen months. Neither Darby nor the Secretary sought agency review of this decision. On May 31, 1990, Darby brought this action in district court seeking a declaration that the LDP and debarment violated provisions of the Administrative Procedure Act, see 5 U.S.C.A. §§ 551-59, 701-06 (West 1977 & Supp.1991), and due process rights guaranteed by the Fifth Amendment, U.S. Const. amend. V, cl. 4.
 
 
 4
 The district court denied a motion by the Secretary to dismiss for failure to exhaust administrative remedies. The court concluded that the applicable regulation did not contain an explicit exhaustion requirement. Although recognizing that exhaustion is generally required, the court determined that exceptions to the exhaustion rule applied. Specifically, it held that exhaustion would have been futile and that the available administrative remedies would have been insufficient. Further, the court determined that to require exhaustion would have shielded the ALJ's order from scrutiny. The court therefore excused Darby from exhausting his administrative remedies prior to seeking judicial review. The Secretary appeals the denial of the motion to dismiss.
 
 II.
 
 5
 Relying on Holcomb v. Colony Bay Coal Co., 852 F.2d 792 (4th Cir.1988), the Secretary contends that 24 C.F.R. § 24.314(c) (1991) imposes a mandatory exhaustion requirement. This section provides:
 
 
 6
 The hearing officer's determination shall be final unless ... the Secretary ... within 30 days of receipt of a request decides as a matter of discretion to review the finding of the hearing officer. The 30 day period for deciding whether to review a determination may be extended upon written notice of such extension by the Secretary or his designee. Any party may request such a review in writing within 15 days of receipt of the hearing officer's determination.
 
 
 7
 Id. (emphasis added). Darby argues that the district court properly concluded that the regulation does not prescribe a requirement of exhaustion.
 
 
 8
 In Holcomb, this court examined a virtually identical regulation which provided that a party adversely affected by an ALJ's decision " 'may file with the [Federal Mine Safety and Health Review] Commission a petition for discretionary review within 30 days after issuance of the order or decision.' " Holcomb, 852 F.2d at 795 (quoting 29 C.F.R. § 2700.70(a) (1987)). We held that the claimant was required to exhaust administrative remedies prior to seeking judicial review. We read Holcomb as an application of the rule of judicial administration that even when a statute does not impose an explicit directive, exhaustion is still required. It is a " 'long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' " Thetford Properties IV Ltd. P'ship v. United States Dep't of Hous. & Urban Dev., 907 F.2d 445, 448 (4th Cir.1990) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938)). The exhaustion doctrine allows an agency to exercise its discretion and apply its expertise, ensures autonomy, and avoids premature intervention by the courts. See McKart v. United States, 395 U.S. 185, 193-94, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969). It also "allow[s] the courts to have [the] benefit of an agency's talents through a fully developed administrative record." Thetford Properties IV Ltd. P'ship, 907 F.2d at 448.
 
 III.
 
 9
 This conclusion, however, does not end our inquiry. The rule of exhaustion is, however, "like most judicial doctrines, subject to numerous exceptions." McKart, 395 U.S. at 193, 89 S.Ct. at 1662. These exceptions include futility of administrative review, see Honig v. Doe, 484 U.S. 305, 326-27, 108 S.Ct. 592, 605-06, 98 L.Ed.2d 686 (1988), and inadequacy of administrative remedies, see Coit Indep. Joint Venture v. Federal Savs. and Loan Ins. Corp., 489 U.S. 561, 587, 109 S.Ct. 1361, 1375, 103 L.Ed.2d 602 (1989). Further, exhaustion may be excused if its application would leave an administrative decision unreviewed. Cf. McGee v. United States, 402 U.S. 479, 484, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971).
 
 
 10
 Although the district court applied the exceptions, we conclude that Darby did not meet his burden to come forward with evidence to excuse him from exhausting his administrative remedies. First, Darby maintains that further administrative review would have been futile because the upper echelons of HUD had endorsed debarment for Darby from the onset of the investigation. However, the record offers no indication that HUD had "taken a hard and fast position that [made] an adverse ruling a certainty." Thetford Properties IV Ltd. P'ship, 907 F.2d at 450; cf. Sweet Life v. Dole, 876 F.2d 402, 409 (5th Cir.1989) (When the record did not indicate that review would not have been substantive, the court rejected an argument of futility.). To excuse exhaustion based on an "unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule." Thetford Properties IV Ltd. P'ship, 907 F.2d at 450.
 
 
 11
 Second, the district court deemed section 24.314(c) an inadequate administrative remedy because of the latitude given to the Secretary to extend the time limits within which to issue a decision. Pursuant to section 24.314(c), the Secretary has a 30-day period coupled with a provision granting him discretion to extend this period to review the hearing officer's determination. If the Secretary grants review, he must render a decision within 30 days, again subject to his discretion to extend the time period. 24 C.F.R. § 24.314(e) (1991). The district court determined that the time limits imposed by sections 24.314(c) and 24.314(e) rested between those the Supreme Court held inadequate in Coit Independence Joint Venture, 489 U.S. 561, 109 S.Ct. 1361, and those this court held adequate in Thetford Properties IV Ltd., 907 F.2d 445. In Coit Independence Joint Venture, the Supreme Court held that the FSLIC process for adjudicating claims was inadequate because the regulations failed to place well-defined time limits on agency actions. This court, in Thetford Properties IV Ltd., determined that HUD regulations providing a 180-day period for notification and approval of plans "demand[ed] prompt processing" and, therefore, survived Coit Independence Joint Venture. Thetford Properties IV Ltd. P'ship, 907 F.2d at 449. The district court held that "[a]lthough the administrative process available in this case is not as flawed as that in Coit, it is also not as prompt and effective as that found to be adequate in Thetford." We conclude that these time limitations provide an adequate administrative remedy in the absence of a showing that the Secretary has failed, or will fail, to act within a reasonable period of time. Cf. Coit Indep. Joint Venture, 489 U.S. at 586-87, 109 S.Ct. at 1375 (exhaustion excused because regulations established no time limit for review of claims). Moreover, because Darby did not attempt to exhaust his administrative remedies, it is speculative to suggest that the Secretary would have abused his discretion had he been given the opportunity to exercise it.
 
 
 12
 Third, the district court determined that application of the exhaustion requirement would bar judicial review of the ALJ's decision because the fifteen-day period during which Darby could have requested a review had passed. Yet Darby, by strategic decision or otherwise, allowed the filing period to pass. He cannot now complain that the decision is unreviewable.
 
 
 13
 We hold that section 24.314(c) does not expressly mandate exhaustion of administrative remedies prior to filing suit. In the absence of a statutory requirement of exhaustion, the district court properly turned to the judicial doctrine of exhaustion of administrative remedies and to possible avoidance of the rule by application of its exceptions. Our review, however, reveals that the facts do not warrant application of the exceptions. Therefore, the district court improperly denied the Secretary's motion to dismiss. We reverse and remand with instructions to dismiss Darby's complaint for failure to exhaust administrative remedies.
 
 
 14
 REVERSED AND REMANDED.