**Elnora FEISE, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION as Receiver for Homefed Bank, Federal Savings Bank, Defendant.**

**No. Civ. S-93-0094-WBS/GGH.**

United States District Court, E.D. California.

March 5, 1993.

Dean Lueders, Redding, CA, for plaintiff.

William G. Harris, Leigh M. Howell, Arnell & Hastle, San Francisco, CA, for defendant.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

Defendant Resolution Trust Corporation ("RTC") moves to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that plaintiff Elnora Feise failed to exhaust the administrative procedure provided in the Financial Institu-tions Reform Recovery and Enforcement Act of 1989 ("FIRREA").

## BACKGROUND

Plaintiff filed her complaint in state court on September 24, 1992, naming HomeFed Bank, Federal Savings Bank ("HomeFed") as defendant. The action arose out of plain-tiff's application in November 1991 to HomeFed for a residential loan. Plaintiff's complaint alleges that she was informed in December 1991 that the loan had been ap-proved and she would receive loan money within two weeks. Relying on this promise, plaintiff made various home improvements. Subsequently, HomeFed informed plaintiff that the loan application had been denied. Plaintiff's complaint asserts causes of action against HomeFed for fraud, breach of con-tract, general negligence, and unfair competi-tion.

On July 6, 1992, HomeFed was declared insolvent and the RTC was appointed receiv-er. The RTC is defending this action as successor-in-interest to HomeFed. On Janu-ary 20, 1993, RTC, as receiver for HomeFed, removed the action to this court.

## STANDARD

A party seeking to invoke the jurisdiction of the federal court has the burden of estab-lishing that jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936). The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenev-er it appears that the court lacks jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983).

## DISCUSSION

FIRREA, 12 U.S.C. § 1821(d), "provides a detailed regulatory framework so as to re-store the financial integrity of the thrift in-dustry's deposit insurance fund and to 'pro-vide funds from public and private sources to deal expeditiously with failed depository in-stitutions.'" *Circle Industries v. City Feder-al Savings Bank*, 749 F.Supp. 447, 451 (E.D.N.Y.1990) (quoting Pub.L. 101–73, 103

Stat. 183, § 101(8)), *aff'd*, 931 F.2d 7 (2d Cir.1991). Central to this purpose was the establishment of the RTC to "contain, manage, and resolve failed savings associations." 12 U.S.C.A. § 1811 notes.

■ To ensure that the RTC or Federal Deposit Insurance Corporation[1] ("FDIC") could further the legislative goal of expeditiously addressing claims filed against insolvent institutions, Congress created a new claims determination procedure. Under this procedure, creditors of a failed institution must present their claims in the first instance to the RTC, as receiver, for administrative consideration. 12 U.S.C. § 1821(d)(3)–(13). It is undisputed that plaintiff has not complied with the statutory procedure[2]; the RTC asserts that this failure to comply divests this court of jurisdiction.

A. *Statutory Language*

■ "The starting point for interpretation of a statute is the language of the statute itself." *Kaiser Aluminum & Chem. Corp. v. Borjorno*, 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)).

Sections 1821(d)(3) through (13) set up the procedure for filing, consideration, determination, and review of claims against insolvent depository institutions. 12 U.S.C. § 1821(d)(5) provides in relevant part:

(A) Determination of claims

(i) in general: Before the end of the 180–day period beginning on the date any claim against a depository institution is filed with the [RTC] as receiver, the [RTC] shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.

As receiver, the RTC has the power to determine claims and to disallow all or a portion of "any claim ... which is not proved to the satisfaction of the [RTC]." 12 U.S.C. § 1821(d)(5)(D). A claimant can obtain administrative or de novo judicial review of the RTC's determination pursuant to 12 U.S.C. § 1821(d)(6).

According to the provisions of 12 U.S.C. § 1821(d)(13)(D):

*Except as otherwise provided in this subsection, no court shall have jurisdiction over—*

(i) *any claim* or action for payment from, *or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver,* including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

(emphasis added). Jurisdiction is "otherwise provided" in § 1821 only after completion of the claims procedures outlined in §§ 1821(d)(6)(A) and (d)(8)(C).[3] The language "except as otherwise provided" indicates that Congress expressly withdrew jurisdiction from courts over any claim to a failed institution's assets made outside the statutory claims procedure.

Section 1821(d)(6)(A) permits a claimant to file suit only after filing a claim with the RTC as receiver and then only if the receiver has disallowed the claim or the 180–day determination period has expired. At that

---

**1.** The powers attributed to the FDIC in 12 U.S.C. § 1821, 1822, and 1823 are made applicable to the RTC by 12 U.S.C. § 1441a(b)(4).

**2.** Implementing the administrative claims procedure, RTC published the notice required by 12 U.S.C. § 1821(d)(3)(B), establishing October 13, 1992, as the deadline for presenting claims. Plaintiff failed to submit a proof of claim form to the RTC prior to filing this action. In January, 1993, the RTC mailed to plaintiff's counsel written notice of the right to file a claim with the RTC by February 24, 1993. Virkstis Decl., ¶ 3;

Exh. A. The court considers this declaration, inasmuch as where the jurisdictional issue is separable from the merits of the case, a district court is free to receive evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Careau Group v. United Farm Workers of America*, 940 F.2d 1291, 1393 (9th Cir.1991) (citing *Augustine*, 704 F.2d at 1077).

**3.** Section 1821(d)(8)(C) contains a provision for expedited relief and is not at issue in this case.

point, the claimant may file suit "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located ... (and *such court shall have jurisdiction to hear such claim* )" (emphasis added).

Although FIRREA itself does not define or limit the meaning of the term "claim" to which the statutory process applies, this court is satisfied that plaintiff's action is encompassed within the statutory definition. Plaintiff's complaint seeks $25,000 in general damages as well as injunctive and declaratory relief against HomeFed. The jurisdictional bar embodied in § 1821(d)(13)(D) covers "any claim or action for payment from ... the assets of any depository institution for which the [RTC] has been appointed receiver" and "any claim" relating to any act or omission of the failed institution or the receiver. HomeFed is a "depository institution for which the [RTC] has been appointed receiver." The statutory procedure thus applies to any "claim" against HomeFed.

Section 1821(d)(13)(D) has been interpreted to cover a claim for damages allegedly caused by the insolvent institution, such as plaintiff's claim for general damages, because any recovery would necessarily be satisfied from the assets of the failed institution. *See, Resolution Trust Corp. v. Elman*, 761 F.Supp. 245, 247 (S.D.N.Y.1991), *aff'd* 949 F.2d 624 (2d Cir.1991); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 394 (3d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). Plaintiff additionally seeks an order enjoining HomeFed from following its alleged business practice of "locking into" a long-term loan agreement at a

particular rate of interest and subsequently reneging on the commitment when prevailing interest rates climb. At the bottom line, plaintiff's request for injunctive and declaratory relief is merely a prayer for HomeFed to perform its contractual obligations in the future. Leaving aside the question of whether such *prospective* relief would ever be appropriate, should HomeFed renege on such obligations in the future, a plaintiff's eventual remedy would be an action for damages for breach of contract; such a claim, as stated above, would necessarily involve a determination of rights with respect to HomeFed's assets.[4] Plaintiff's claims are therefore encompassed within the meaning of the judicial bar in § 1821(d)(13)(D).

FIRREA contains no provision conferring federal jurisdiction to decide claims, such as plaintiff's, filed after a receiver is appointed but before exhaustion of the claims process. The courts which have examined the issue have therefore uniformly held that according to the plain language of the statute, the exhaustion requirement is statutory and not subject to exception.[5] *See, e.g., Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir.1992) (and cases cited therein); *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir.1991) (plain meaning of statute dictates that claimants exhaust administrative process before seeking relief in federal courts); *Federal Deposit Insurance Corp. v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir.1991) (even valid state lien cannot be used to circumvent claims procedure under FIRREA); *Resolution Trust Corp v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir.1991) (per curiam); *Chisim v. Resolution*

---

4. The instant case is thus distinguishable from *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, in which the Third Circuit held that a request for an order enjoining the retroactive termination of an ERISA plan was not barred for failure to exhaust FIRREA's administrative scheme because it was not a claim turning on the resolution of rights with respect to the failed bank's assets.

5. FIRREA thus differs in important respects from the FSLIC statute reviewed by the Ninth Circuit in *Morrison–Knudsen Co. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987). In *Morrison–Knudsen*, the FSLIC contended that it had the power to adjudicate claims with respect

to the assets of failed institutions, subject only to review under the Administrative Procedures Act. The *Morrison–Knudsen* court found that interpretation unwarranted: the "FSLIC is unable to locate a single explicit indication in the legislative history or the language of its governing statutes that Congress intended or expected FSLIC to adjudicate claims as part of its receivership functions." *Id.* at 1219. Unlike the FSLIC statute at issue in that case, FIRREA explicitly provides the RTC as receiver with the power to "determine claims" and expressly bars jurisdiction over receivership claims pending completion of the statutory claims procedure.

*Trust Corp.,* 783 F.Supp. 361, 362 (N.D.Ill. 1991) ("[t]o date, every jurisdiction that has considered the statutory procedures set forth in FIRREA has concluded that compliance with these administrative procedures is mandatory and that they must be exhausted in order for a district court to entertain the claim."); *In re: Parker North American Corp. v. Resolution Trust Corp.,* 148 B.R. 925, 928 (C.D.Cal.1992).

■ The issue of whether exhaustion of FIRREA's administrative procedures is jurisdictional has not yet been decided by the Ninth Circuit. However, that court has generally held that where, as here, exhaustion is statutorily mandated, rather than judicially-created, the requirement is jurisdictional. *See, e.g., Wong v. Dept. of State,* 789 F.2d 1380, 1384 (9th Cir.1986); *Rodrigues v. Donovan,* 769 F.2d 1344, 1348 (9th Cir.1985).

## B. *Legislative History*

The legislative history of FIRREA confirms the plain meaning of the statutory language. The Report of the House Banking, Finance and Urban Affairs Committee recommending passage of FIRREA indicates that the administrative scheme established by the Act was meant to be "responsive to the constitutional and statutory concerns with the FSLIC's ... claims adjudication process" expressed by the Supreme Court in *Coit Independence Joint Venture v. Federal Savings & Loan Insurance Corp.,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). H.R.Rep. No. 54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 86, 214–215.

In *Coit,* the Court held that Congress did not grant the Federal Savings and Loan Insurance Corporation ("FSLIC") the exclusive authority to adjudicate claims asserted against a failed savings and loan association and that such claimants were entitled to de novo consideration of their claims in court. The Court further held that creditors were not required to exhaust FSLIC's administrative procedures "because the lack of a clear time limit on FSLIC's consideration of the claims render[ed] the administrative procedure inadequate." *Id.* 489 U.S. at 564, 109 S.Ct. at 1364.

In enacting FIRREA's administrative scheme, Congress intended to respond to the two above concerns by establishing: (1) reasonable time limits, and (2) de novo district court review of administrative decisions. The statute designates "reasonable and specific time limits" for completion of the administrative procedure. H.R.Rep. No. 54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 214–215. After a claim has been filed, the receiver has 180 days to investigate and determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). Following "exhaustion of streamlined administrative procedures, a claimant [who is dissatisfied with the result] has a choice to either bring the claim de novo in the District Court ... or have the claim determination reviewed by one or more administrative processes...." H.R.Rep. No. 54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 214–215. Within 60 days of the receiver's determination of the claim, the claimant may seek either avenue of further review. 12 U.S.C. §§ 1821(d)(6) and (7).

Resort to either review process "is available only after the claimant has first presented its claim to the [RTC]." H.R.Rep. No. 54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 214. In contrast to the limitless delay that could be imposed by the FSLIC under the administrative process considered in *Coit,* the maximum time a claimant must wait after filing its claim before bringing suit is 180 days. *See Resolution Trust Corp. v. Elman,* 949 F.2d at 628 ("by negative implication ... the Supreme Court's decision in *Coit* strengthens our analysis" that FIRREA mandates exhaustion).

Congress emphasized that the "exhaustion requirement" was a key linchpin in achieving the legislative goal of resolving the "bulk of claims against failed financial institutions expeditiously and fairly" through the administrative process "without unduly burdening the District Courts." H.R.Rep. No. 54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.C.C.A.N. 215. Accordingly, "exhaustion is a proper prerequisite to further action by the claimant." *Id.* The legislative history accordingly confirms that Congress intended that the district courts not have subject mat-

ter jurisdiction until those claims are first presented to the RTC and either adjudicated or the 180–day determination period has expired.

IT IS THEREFORE ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) be, and the same hereby is, GRANTED, and the complaint and action herein are hereby DISMISSED.