30 F.3d 128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sidney J. BROWN; Saul H. Bernstein; Sidney J. Brown and
Saul H. Bernstein, as the General Partners of Nattchase
Associates Limited Partnership on behalf of the Limited
Partners Stuart G. Brown, Frederick K. Wine, Bradley S.
Bernstein and MDB Investments Limited Partnership;
Nattchase Associates Limited Partnership; Mid City
Redevelopment Corporation, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION; San Jacinto Savings
Association, F.A.; Sajacito, Inc.; Southmark Corporation;
CMF Loudoun, L.P., c/o Carl M. Freeman Associates, Inc.;
Carl M. Freeman; Robert E. Sevila, Trustee, Defendants-Appellees.
Sidney J. BROWN; Saul H. Bernstein; Sidney J. Brown and
Saul H. Bernstein, as the General Partners of Nattchase
Associates Limited Partnership on behalf of the Limited
Partners Stuart G. Brown, FrederickK. Wine, Bradley S.
Bernstein and MDB Investments Limited Partnership;
Nattchase Associates Limited Partnership; Mid City
Redevelopment Corporation, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION; San Jacinto Savings
Association, F.A.; Sajacito, Inc.; Southmark Corporation;
CMF Loudoun, L.P., c/o Carl M. Freeman Associates, Inc.;
Carl M. Freeman; Robert E. Sevila, Trustee, Defendants-Appellees.
 Nos. 93-2597, 94-1104.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1994.
Decided: July 25, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Loenie M. Brinkema, District Judge. (CA-93-1450-A)
 OPINION
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 ARGUED: William W. Thompson, Jr., THOMPSON & WALDRON, Alexandria, Virginia, for Appellants. P. Matthew Sutko, RESOLUTION TRUST CORPORATION, Washington, D.C.; Philip John Harvey, SHAW, PITTMAN, POTTS & TROWBRIDGE, Alexandria, Virginia, for Appellees. ON BRIEF: Michael A. Branca, THOMPSON & WALDRON, Alexandria, Virginia, for Appellants. Munsell St. Clair, RESOLUTION TRUST CORPORATION, Washington, D.C.; Theresa V. Gorski, SHAW, PITTMAN, POTTS & TROWBRIDGE, Alexandria, Virginia; Beverlee R. Peters, Lisa Erich, S. Beryl Adler, ADLER, ROSEN & PETERS, Virginia Beach, Virginia, for Appellees.
 PER CURIAM:
 
 
 1
 In these consolidated appeals, Sidney J. Brown[1] challenges two orders by the district court, the first denying injunctive relief and dismissing the instant action with prejudice, and the second denying a subsequent motion to vacate or modify the dismissal order. Brown argues that his claims against Resolution Trust Corporation (RTC) should not have been dismissed, despite his failure to pursue the applicable administrative remedies as required by 12 U.S.C.A. Sec. 1821(d)(6)(A), (13)(D)(ii) (West 1989), because RTC's exclusion of Brown from the bidding process was an act which exceeded RTC's statutory authority. Brown next argues that the district court erred in concluding that he had failed to state a cognizable cause of action against either RTC or CMF Loudoun, L.P., and its principal, Carl M. Freeman (CMF). Brown's last contention challenges the denial of injunctive relief as to RTC's transfer of the promissory note in question to CMF and CMF's subsequent foreclosure thereon.
 
 
 2
 We find that Brown's failure to pursue his claims against RTC under the applicable administrative procedures bars federal jurisdiction to review those claims. We therefore affirm the dismissal of all claims against RTC, amending that disposition to reflect a dismissal without prejudice to allow pursuit of the available administrative relief. Finding no error as to the dismissal of Brown's claim against CMF, we affirm the dismissal with prejudice. Finally, we affirm the district court's denial of injunctive relief.
 
 I.
 
 3
 In June 1988, Nattchase obtained a $36 million loan from the San Jacinto Savings Association. The loan was secured with a nonrecourse promissory note and deed of trust on real property located in Loudoun County, Virginia. The loan went into default in 1989. RTC was appointed receiver for San Jacinto Savings Association in December 1990. In July 1993, RTC sold the note to CMF, as part of a package of non-performing loans from failed thrifts, after an auction and bidding process between March and May 1993. CMF subsequently sought to foreclose on the deed of trust securing the note. Brown initiated this action in an attempt to halt that foreclosure.
 
 
 4
 Brown's primary complaint is that RTC improperly excluded him from bidding on the note securing the Loudoun County property, and thereby deprived him of the opportunity to recoup his investment in that property. Brown also contends that CMF was unjustly enriched through Brown's efforts. The complaint--seeking, inter alia, a declaratory judgment finding RTC's bidding procedures unconstitutional, rescission of the contract of sale between RTC and CMF, a judgment requiring another bidding process for the note, injunctive relief against CMF's scheduled foreclosure, and related damages--was dismissed with prejudice.
 
 
 5
 In considering Brown's various challenges to the dismissal of his complaint, we turn first to his claims against RTC.
 
 II.
 
 6
 The Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) provides that, "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over ... (ii) any claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C.A. Sec. 1821(d)(13)(D); see also 12 U.S.C.A. Sec. 1821(d)(6)(A) (de novo judicial review permitted only after exhaustion of available administrative procedures). This court, like most other circuit courts,[2] has determined that claimants must submit their claims against RTC to the administrative claims process established by FIRREA before seeking judicial review. Brady Dev. Co. v. RTC, 14 F.3d 998, 1003 (4th Cir.1994) ("Congress sought to ensure that all claims undergo the administrative claims process and are under the exclusive control of the RTC.") (emphasis added). This exhaustion requirement applies to claims arising both before and after RTC's appointment as receiver, Rosa v. RTC, 938 F.2d 383, 392-93 (3d Cir.), cert. denied, 112 S.Ct. 582 (1991), and to declaratory judgment actions. See Henderson v. Bank of New England, 986 F.2d 319, 321 (9th Cir.) (Sec. 1821(d)(13)(D) "bars judicial review of any non exhausted claim, monetary or nonmonetary, which is 'susceptible of resolution through the claims procedure' ") (quoting Rosa, 938 F.2d at 394) (emphasis added), cert. denied, 114 S.Ct. 559 (1993); Feise v. RTC, 815 F.Supp. 344, 347 (E.D. Cal.1993) (declaratory judgment claims barred by Sec. 1821(d)(13)(D)).
 
 
 7
 Brown erroneously argues that, because RTC acted outside its statutory authority in excluding him from the bidding process, FIRREA's administrative process is inapplicable to his claims. To the contrary, RTC's transfer of the assets of the failed San Jacinto Savings Association to CMF was clearly an act within its statutory authority. 12 U.S.C.A. Sec. 1821(d)(2)(B), (E), (G)(i)(II) (West 1989 & Supp.1994). RTC's exclusion of Brown from the bidding process constitutes, at best, an erroneous determination by RTC as to permissible bidding participants. "[E]ven if the RTC improperly or unlawfully exercised an authorized power or function, it clearly did not engage in an activity outside its statutory powers." Ward v. RTC, 996 F.2d 99, 103 (5th Cir.1993). Hence, Brown must first pursue his claims under FIRREA's administrative scheme.
 
 
 8
 Brown also argues that resort to the administrative scheme would be futile, as purportedly evidenced by RTC letters responding to Brown's inquiries after transfer of the note to CMF.[3] This argument is similarly without merit, because judicially-created futility exceptions cannot supplant statutorily-promulgated exhaustion requirements. Weinberger v. Salfi, 422 U.S. 749, 766 (1975); FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 136 (3d Cir.1991). Moreover, the letters relied upon by Brown are "not necessarily conclusive of the receiver's determination of [Brown's] claims" since "[i]f RTC as receiver were to allow and satisfy [Brown's] claims in whole or in part, the dispute now before this court would be moot to that extent." Rosa, 938 F.2d at 395. There is no plausible basis for the futility exception absent " 'a hard and fast position[by RTC] that [makes] an adverse ruling a certainty,' " because "[t]o excuse exhaustion based on an 'unsupported allegation of futility would allow the futility exception to swallow the exhaustion rule.' " Darby v. Kemp, 957 F.2d 145, 148 (4th Cir.1992) (quoting Thetford Properties IV Ltd. v. United States Dep't of Housing & Urban Dev., 907 F.2d 445, 450 (4th Cir.1990)), reversed on other grounds, 113 S.Ct. 2539 (1993). Contrary to Brown's argument, resort to the FIRREA administrative scheme is not futile.
 
 
 9
 For these reasons, we find that the district court properly dismissed Brown's claims against RTC, pending presentation of his claims to RTC under the statutory administrative procedures. However, consistent with RTC's concession, we modify that disposition to reflect a dismissal without prejudice of Brown's claims against RTC, so that Brown may indeed pursue his claims according to that statutory scheme.[4] See 28 U.S.C.Sec. 2106 (1988).
 
 III.
 
 10
 Our determination that Brown must first utilize FIRREA's administrative scheme with regard to his claims against RTC does not preclude de novo review of the district court's Fed.R.Civ.P.12(b)(6) dismissal with prejudice of Brown's unjust enrichment claim against CMF. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217 (4th Cir.1994) (standard of review).
 
 
 11
 Under Virginia law, the applicable state law in this case, unjust enrichment requires proof that the plaintiff conferred a benefit on the defendant, which was requested and accepted by the defendant under circumstances that reasonably notified him that the plaintiff expected compensation from the defendant. Raymond, Colesar, Glaspy & Huss v. Allied Capital Corp., 961 F.2d 489, 491 (4th Cir.1992); Kern v. Freed, Co., 299 S.E.2d 363, 365 (Va.1983). Brown has not alleged, and there is no support in the record, that he conferred any benefit on CMF, or that CMF requested or received any benefit from Brown. CMF merely purchased a promissory note from RTC on which Nattchase is liable. Because no relief can be granted to Brown under any set of facts that could be proven consistent with the allegations in his complaint, the district court properly dismissed that cause of action with prejudice and we affirm that disposition. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 IV.
 
 12
 We also find that the district court did not abuse its discretion in denying Brown's requested injunctive relief. See Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 358 (4th Cir.1991) (standard of review).
 
 
 13
 Brown's first requested injunctive relief, rescission of the contract of sale between RTC and CMF for the note, is expressly barred by 12 U.S.C.A. Sec. 1821(j) (West 1989): "Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver." See In re Landmark Land Co., 973 F.2d 283, 290 (4th Cir.1992) ("The comprehensive scheme of FIRREA indicates Congress' intent to allow the RTC full rein to exercise its statutory authority without injunctive restraints imposed by bankruptcy courts or district courts in other proceedings."). We join the First, Second, Fifth, Sixth, and District of Columbia Circuits in holding thatSec. 1821(j) forbids equitable rescission, as sought by Brown in this case.[5] The district court, therefore, properly denied Brown's motion for injunctive relief against RTC.
 
 
 14
 Brown also sought a temporary restraining order against CMF, enjoining its imminent foreclosure on the note purchased from RTC. As demonstrated by our discussion in Part III, there is no cognizable unfair enrichment cause of action in this case, thereby precluding any basis for injunctive relief against the scheduled foreclosure. Hence, the district court also properly denied the requested temporary restraining order against CMF.
 
 V.
 
 15
 Finally, the district court did not abuse its discretion in its subsequent denial of Brown's Fed.R.Civ.P.60(b) motion, seeking vacatur of the district court's order denying injunctive relief and dismissing his complaint. United States v. Williams, 674 F.2d 310, 312 (4th Cir.1982) (standard of review). According to Brown's motion, vacatur was necessary due to various alleged mistakes of law in the dismissal order. Our review of that motion reveals that it is "nothing more than a request that the district court change its mind," which "is not authorized by Rule 60(b)." Williams, 674 F.2d at 313; see also Smith v. Evans, 853 F.2d 155, 158 (3d Cir.1988) (legal error, without more, cannot justify granting a Rule 60(b) motion). Moreover, as we have concluded, the order was not erroneous. Hence, Brown's Rule 60(b) motion was properly denied.
 
 VI.
 
 16
 For the reasons stated herein, we affirm the district court's dismissal with prejudice of Brown's claim against CMF, and its denial of injunctive relief. We modify the dismissal of Brown's claims against RTC to reflect a dismissal without prejudice, and affirm that disposition. Finally, we affirm the district court's denial of Brown's Rule 60(b) motion.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 This action was initiated, and this appeal is pursued, by several individuals and business entities, including Brown, Saul H. Bernstein, Nattchase Associates Limited Partnership (Nattchase), Brown and Bernstein as general partners of Nattchase on behalf of its limited partners, and Mid City Redevelopment Corporation. We refer to Appellants jointly as Brown
 
 
 [2]
 See, e.g., Heno v. FDIC, 20 F.3d 1204, 1206-07 (1st Cir.1994); Bueford v. RTC, 991 F.2d 481, 484 (8th Cir.1993); Henderson v. Bank of New England, 986 F.2d 319, 321 (9th Cir.), cert. denied, 114 S.Ct. 559 (1993); Office & Professional Employees Int'l Union, Local 2 v. FDIC, 962 F.2d 63, 66 (D.C.Cir.1992); Meliezer v. RTC, 952 F.2d 879, 882 (5th Cir.1992); RTC v. Elman, 949 F.2d 624, 627 (2d Cir.1991); RTC v. Mustang Partners, 946 F.2d 103, 106 (10th Cir.1991); FDIC v. Shain, Schaffer & Rafanello, 944 F.2d 129, 136 (3d Cir.1991); see also Coit Independence Joint Venture v. Federal Sav. & Loan Ins. Corp., 489 U.S. 561, 579 (1989) ("[E]xhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute.")
 
 
 [3]
 The first letter from RTC, dated September 8, 1993, and characterized by Brown as a flat refusal to consider Brown's claims, reads in pertinent part:
 While I understand you may be disheartened by the demands of the new owner and holder of your loan, I fail to see any action which can or will be taken by, or on behalf of the RTC in this regard. Please allow this to confirm that the RTC cannot, and will not honor your request to set aside the sale and re-advertise the package, allowing NALP [i.e., Nattchase] to bid. Any further issues which you wish to raise relative to the Loan should be raised with the new owner and holder of same, as the RTC (as conservator, receiver or otherwise) no longer maintains any right, title or interest in the Loan.
 (J.A. at 83-84.) Brown contends that the second letter from RTC, actually a series of letters to him, Bernstein, Nattchase, and Mid City, dated
 November 29, 1993, with enclosed proof-of-claim forms, contemplates only monetary claims against failed institutions and not claims against RTC itself. However, the letters actually concern any claims "for payment from, or ... determination[s] of rights with respect to the assets of a failed institution, or ... claim[s] relating to any act or omission of a failed institution...." (J.A. at 86, 87, 88, 89.)
 
 
 [4]
 Given this disposition, we dismiss as moot RTC's motion to dismiss the appeal for failure to exhaust the statutory administrative procedures
 
 
 [5]
 National Trust for Historic Preservation v. FDIC, 21 F.3d 469 (D.C.Cir.1994), reinstating 995 F.2d 238, 239 (D.C.Cir.1993); Heno, 20 F.3d at 1208 n. 8; Ward, 996 F.2d at 104; United Liberty Life Ins. Co. v. Ryan, 985 F.2d 1320, 1329 (6th Cir.1993); Harkness Apt. Owners Corp. v. FDIC, No. 87 Civ. 7080, 1993 U.S. Dist. LEXIS 5452, at * 8-9 (S.D.N.Y. Apr. 26, 1993), aff'd without op., 999 F.2d 538 (2d Cir.1993)