Robert **HENDERSON**, Plaintiff–Appellant,

v.

**BANK OF NEW ENGLAND**,
Defendant–Appellee.

No. 91–16477.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 1993 *.

Decided Feb. 22, 1993.

---

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Robert Henderson, in pro per.

Michael H. Krimminger, N.W., Washington, DC, for defendant-appellee.

Before: FARRIS, POOLE and WIGGINS, Circuit Judges.

FARRIS, Circuit Judge:

Robert Henderson appeals pro se from the district court's dismissal, for lack of jurisdiction, of his action against the Federal Deposit Insurance Corporation, as receiver for the Bank of New England, challenging the bank's denial of his Master-Card application. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## FACTS

On January 6, 1991, the Bank of New England was declared insolvent, and the Federal Deposit Insurance Corporation was appointed as receiver under 12 U.S.C. § 1821(c)(2). On May 13, 1991, Henderson filed a pro se complaint alleging that the bank violated various federal and state statutes in its handling of his February, 1986 application for a MasterCard. Henderson alleges that the bank improperly withheld and then willfully destroyed derogatory credit information that formed the basis of the bank's denial of his Master-Card application. Henderson sought $3.5 million in damages and the right to discover the derogatory credit information.

The FDIC moved to dismiss the complaint for lack of subject matter jurisdiction because Henderson had failed to exhaust his administrative remedies. On August 13, 1991, the district court granted the motion and dismissed Henderson's complaint without prejudice.

## DISCUSSION

Congress enacted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1821, to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions. The statute grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks. 12 U.S.C. § 1821(d)(3)(A).

To effectuate this power, Congress created a claims process for the filing, consideration and determination of claims against insolvent banks. 12 U.S.C. § 1821(d)(3)–(10). The receivership claims process "allow[s] the FDIC to quickly resolve many of the claims against failed financial institutions without unduly burdening the District Courts." H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess., reprinted in 1989 U.S.C.C.A.N. 87, 215.

Once a claim is filed, the FDIC has 180 days to determine whether to allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A)(i). If the claim is disallowed, or if the 180 days expire without a determination by the FDIC, then the claimant may request further administrative consideration of the claim, or seek judicial review. 12 U.S.C. § 1821(d)(6).

The statute contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion. Meliezer v. RTC, 952 F.2d 879, 882 (5th Cir.1992). Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821:

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corpo-

ration may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

■ A claimant must therefore first complete the claims process before seeking judicial review. *Abbott Bldg. Corp. v. United States*, 951 F.2d 191, 194 n. 3 (9th Cir.1991) ("FIRREA did create a claims procedure, and required its exhaustion."); *Local 2 v. FDIC*, 962 F.2d 63, 66 (D.C.Cir. 1992); *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir.1992); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 391 (3d Cir.), *cert. denied*, ── U.S. ──, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991). The statute bars judicial review of any non-exhausted claim, monetary or nonmonetary, which is "susceptible of resolution through the claims procedure." *Rosa*, 938 F.2d at 934; 12 U.S.C. § 1821(j) ("Except as otherwise provided in this section, no court may take any action ... to restrain or affect the powers or functions of the Corporation as a conservator or a receiver").

■ Henderson asserted two claims; one monetary, the other nonmonetary. He sought $3.5 million in damages and the right to discover derogatory credit information. Both are susceptible of resolution through the claims procedure; however, Henderson filed his complaint in the district court before exhausting his administrative remedies. The district court lacked subject matter jurisdiction over Henderson's action. *See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 69, 108 S.Ct. 376, 387, 98 L.Ed.2d 306 (1987) (holding that subject matter jurisdiction is tested as of the time of the filing of the complaint). Dismissal without prejudice was proper.

AFFIRMED.