**RESOLUTION TRUST CORPORATION as Conservator for Occidental Nebraska Savings Bank, F.S.B., Plaintiff–Appellant,**

v.

**TITAN FINANCIAL CORPORATION, a California corporation; Frances Pikush; Gilbert Sellan, Defendants–Appellees.**

**RESOLUTION TRUST CORPORATION as Conservator for Occidental Nebraska Savings Bank, F.S.B., Plaintiff–Appellant,**

v.

**TITAN FINANCIAL CORPORATION, a California corporation; Gilbert Sellan, Defendants–Appellees.**

Nos. 92–15419, 92–16194.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided April 25, 1994.

Order Amending Opinion on Denial of Rehearing and Suggestion for Rehearing En Banc June 15, 1994.

---

Gilda R. Turitz, Eric Stein, Victor C. Murphy, Graham & James, San Francisco, CA, for plaintiff-appellant.

Philip J. Dabney, Haney & McBride, Las Vegas, NV and Frances Pikush, Encinatas, CA, for defendants-appellees.

Before: CHOY, D.W. NELSON, and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellee Gilbert Sellan was a personal guarantor of a promissory note secured by a deed of trust. When the principal debtor defaulted on the note, the property was foreclosed in a nonjudicial sale. The Resolution Trust Corporation ("RTC") sued Sellan, seeking a deficiency judgment for the difference between the amount realized at the sale and the amount due on the promissory note. The district court awarded summary judgment to Sellan, and the RTC appeals.[1] We affirm the summary judgment on the authority of *Union Bank v. Gradsky*, 265 Cal. App.2d 40, 71 Cal.Rptr. 64 (2d Dist.1968), and *Cathay Bank v. Lee*, 14 Cal.App. 4th 1533, 18 Cal.Rptr.2d 420 (4th Dist.1993).

## I

In *Gradsky*, the court held that a lender is estopped from obtaining a deficiency judgment against a guarantor if the lender elects to subject the security to a nonjudicial sale, which has the effect of destroying the guarantor's subrogation rights against the principal debtor.[2] In *Cathay Bank*, the

---

1. This case involves two separate appeals. Part I addresses appeal No. 92–15419, which presents the question whether Sellan is entitled to summary judgment on the RTC's suit for a deficiency judgment. Part II addresses appeal No. 92–16194, which presents the question whether the district court had subject matter jurisdiction to award attorney's fees and costs to Sellan as the prevailing party in this litigation.

2. As Justice Hufstedler explained in *Gradsky*, "[t]he destruction of the guarantor's subrogation rights follows from the combination of the creditor's election to subject the security to nonjudicial sale and the operation of section 580d [of the California Code of Civil Procedure] which prevents both the creditor and the guarantor from obtaining any deficiency judgment against the

court held that even though the *"Gradsky defense"* may be waived by a guarantor, *see Aruba Bonaire Curacao Trust Co. v. United California Bank*, 32 Cal.App.3d 281, 285, 107 Cal.Rptr. 924 (2d Dist.1973), the waiver must be explicit.

*Cathay Bank* is controlling authority that the waiver language of the guaranty signed by Sellan was not sufficiently explicit to waive his *Gradsky* defense. *Cathay Bank* establishes that the waiver language must do more than tell the guarantor that he may lose subrogation rights; it must explain "that if the lender selects nonjudicial foreclosure, he or she will have a *defense* to a deficiency judgment [the *Gradsky* defense], and it is *that defense* which the guarantor is now being asked to give up in advance." 14 Cal. App. 4th at 1539, 18 Cal.Rptr.2d 420 (emphasis added). In other words, the waiver language must tell the guarantor that he has a *Gradsky* defense.

The language in the *Cathay Bank* guaranty was held not to be sufficiently explicit in informing the guarantor that a nonjudicial foreclosure would destroy his subrogation rights, but that he would have immunity from a deficiency judgment. *See id.* at 1539, 18 Cal.Rptr.2d 420. And the waiver language in the guaranty signed by Sellan[3] is no more explicit than the language in the *Cathay Bank* guaranty.[4] Both guaranties stated that the bank may at its option foreclose the property in a nonjudicial sale. In this case, the waiver stated that the "[b]ank may, at its election ... foreclose ... by ... nonjudicial sale." *Id.* In *Cathay Bank*, the waiver stated that "Guarantor authorizes bank at its sole discretion ... [to] exercise any right ... including ... exercise of power of sale." 14 Cal.App. 4th at 1536, 18 Cal. Rptr.2d 420. Both guaranties stated that exercising such an option would not limit the liability of the guarantor. In this case, the waiver language is that nonjudicial foreclosure would not "affect[ ] or impair[ ] in any way the liability of Guarantors." Continuing Guaranty of Sellan at 1. In *Cathay Bank*, the waiver language was that "Guarantor shall be liable to Bank for any deficiency resulting from the exercise by it of any remedy." 14 Cal.App. 4th at 1536, 18 Cal.Rptr.2d 420. Finally, both guaranties recited that the guarantor waived any defenses that might arise from the fact that the guarantor may lose rights against the principal debtor. In this case, the waiver stated "Guarantors waive any defense arising out of the ... loss of any right of reimbursement or subrogation or other right ... of Guarantors against borrowers." Continuing Guaranty of Sellan at 1. In *Cathay Bank*, the waiver stated that "Guarantor shall be liable ... even though any rights which Guarantor may have against others might be ... destroyed.... Guarantor waives any defense arising ... by reason of the cessation from any cause whatsoever of the liability of Debtor." 14 Cal. App. 4th at 1536, 18 Cal.Rptr.2d 420.

In sum, neither guaranty specifically informed the guarantor that he had subrogation rights that would be destroyed if the lender elected the remedy of nonjudicial foreclosure and that he would have immunity from a deficiency judgment under § 580d (the *Gradsky* defense). Because *Cathay Bank* is not meaningfully distinguishable from this case, we find it to be controlling

debtor after nonjudicial sale of the security." 265 Cal.App.2d at 41, 71 Cal.Rptr. 64.

**3.** Bank may, at its election ... foreclose upon any such security by judicial or nonjudicial sale, without affecting or impairing in any way the liability of Guarantors ... and Guarantors waive any defense arising out of the absence, impairment or loss of any right of reimbursement or subrogation or other right or remedy of Guarantors against borrowers or any such security, whether resulting from such election by Bank, or otherwise.
Continuing Guaranty of Sellan at 1.

**4.** At issue in *Cathay Bank* was the following language, which the court deemed insufficient to waive the *Gradsky* defense:

Guarantor authorizes bank at its sole discretion ... to: ... (h) exercise any right or remedy it may have with respect to the Credit or any collateral securing the Credit ... including ... exercise of power of sale ... and Guarantor shall be liable to Bank for any deficiency resulting from the exercise by it of any remedy, even though any rights which Guarantor may have against others might be ... destroyed. Guarantor waives any defense arising by reason of any disability or other defense of Debtor ... by reason of the cessation from any cause whatsoever of the liability of Debtor....
*Cathay Bank*, 14 Cal.App. 4th at 1536, 18 Cal. Rptr.2d 420.

authority. Accordingly, we affirm the summary judgment for Sellan.[5]

## II

■ The guaranty signed by Sellan provides that "Guarantors agree to pay a reasonable attorney's fee and all other costs and expenses which may be incurred by Bank in the enforcement of this guaranty." Continuing Guaranty of Sellan at 1. Pursuant to Cal.Civ.Code § 1717,[6] which imposes reciprocity on such provisions, the district court granted Sellan's motion for attorney's fees as the prevailing party. Pursuant to Fed. R.Civ.P. 54(d),[7] the district court also awarded Sellan court costs. On appeal, the RTC argues that the district court lacked subject matter jurisdiction to award either attorney's fees or court costs because Sellan failed to exhaust the administrative claims procedure of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183 (1989). This presents a question of first impression for our circuit.

In FIRREA, Congress established a statutory exhaustion requirement for claims asserted against the RTC acting as receiver of a failed thrift institution. *See RTC v. Midwest Federal Savings,* 4 F.3d 1490, 1495 (9th Cir.1993); *Henderson v. Bank of New England,* 986 F.2d 319, 320–21 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 559, 126 L.Ed.2d 459 (1993). FIRREA specifically prohibits any court from exercising jurisdiction over such a claim, *see* 12 U.S.C. § 1821(d)(13)(D),[8] unless it has been first submitted to the RTC.[9] It is undisputed that Sellan has not submitted a FIRREA claim for attorney's fees or court costs to the RTC.

■ The RTC argues that the district court lacked subject matter jurisdiction to award attorney's fees and costs because the award constitutes payment on a *claim* within the meaning of § 1821(d)(13)(D). Sellan replies that Congress failed to define "claim" in FIRREA and that Congress did not intend "claim" to encompass either costs awarded pursuant to Fed.R.Civ.P. 54(d) or attorney's fees awarded pursuant to statutes such as Cal.Civ.Code § 1717. Neither party cites any case law or legislative history that sheds light on this specific issue.[10]

---

5. In a petition for rehearing, the RTC argues that we erred by accepting *Cathay Bank* as controlling authority without explicitly analyzing how the California Supreme Court would have ruled on the issue. However, the RTC overlooks authority that:

> [I]n the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decision of the state's intermediate courts.

*In re Kirkland,* 915 F.2d 1236, 1239 (9th Cir. 1990) (citations omitted). The RTC has provided no "convincing evidence" that the California Supreme Court would repudiate *Cathay Bank.*

6. In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs....

Cal.Civ.Code § 1717(a).

7. "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party....". Fed.R.Civ.P. 54(d).

8. Except as otherwise provided in this subsection, no court shall have jurisdiction over—
(i) any claim or action for payment from ... the assets of any depository institution for

which the Corporation has been appointed receiver ... or
(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.
12 U.S.C. § 1821(d)(13)(D).

9. Judicial review is permitted in only two situations. A claimant may file suit in district court *after* the RTC disallows her claim or fails to act upon it within 180 days. *See* 12 U.S.C. § 1821(d)(6)(A). If instead of filing suit in federal court, the claimant pursues administrative review of a disallowance, the RTC's final determination of the claim may be judicially reviewed pursuant to the Administrative Procedures Act. 12 U.S.C. § 1821(d)(7)(A).

10. Congressional silence on this issue cuts in favor of Sellan. Fed.R.Civ.P. 54(d), which was the basis for awarding court costs, makes clear that "[e]xcept when *express* provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party...." Fed.R.Civ.P. 54(d) (emphasis added). The RTC points to no "express provision" in either FIRREA or the Federal Rules of Civil Procedure that creates an exception to the general rule adopted in the Rule 54(d). We also think that with respect to FIRREA's exhaustion requirement, it is appropriate to consider attorney's fees awarded pursuant to statutes such as Cal.Civ.Code § 1717 as part of court costs. *See Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988) ("At common law, attorney's fees were regarded as an element of 'costs'

In deciding this issue, we take guidance from our recent decision in *RTC v. Midwest Federal Savings,* 4 F.3d 1490 (9th Cir.1993). In *Midwest Federal,* the question presented was whether an affirmative defense raised by Midwest Federal constituted a claim subject to the exhaustion requirements of FIRREA. *See id.* at 1495. We held that "a district court has subject matter jurisdiction over affirmative defenses raised by a defendant who, prior to being sued by the RTC, was not a creditor of the RTC and who had no independent basis for filing a claim against the RTC...." *Id.* at 1497. While *Midwest Federal* dealt with affirmative defenses not attorney's fees and costs, the fundamental principle established in *Midwest Federal* for determining what is and is not a "claim" within the meaning of § 1821(d)(13)(D) is applicable to the facts of this case. That principle holds that a defendant's claim arising out of litigation pursued by the RTC is not subject to FIRREA's exhaustion requirements if prior to that litigation the defendant was (1) not a creditor of the RTC or its predecessor-in-interest, and (2) had no independent basis for filing a claim against the RTC or its predecessor-in-interest.

Applying this principle to the facts of this case, we hold that the district court had subject matter jurisdiction to award Sellan attorney's fees and costs. Before he was sued by the RTC, Sellan was not a creditor of either the failed bank or the RTC as receiver. Nor did he have any independent basis for filing a claim against either the failed bank or the RTC.

The RTC cites *FDIC v. Shain, Schaffer & Rafanello,* 944 F.2d 129 (3d Cir.1991), for the contrary proposition that claims for attorney's fees should be treated like any other claim for payment that is subject to exhaustion requirements. In *Shain,* after being appointed receiver of a failed bank, the FDIC requested that the bank's counsel ("SS & R") turn over all legal files. SS & R refused to turn over the files unless it was paid in full for legal fees incurred by the bank before it entered receivership. *See id.* at 130. The FDIC sued to compel produc-

tion. The district court ordered SS & R to turn over the documents and held that SS & R's only recourse was to file a claim for its fees under FIRREA. On appeal, the Third Circuit affirmed, explaining that "[t]here is no reason that attorneys fees should be accorded special status and be paid out of post-receivership operating funds." *Id.* at 135.

The holding in *Shain* is entirely consistent with the principle established in *Midwest Federal.* In *Shain,* SS & R was a creditor of the failed bank *prior* to the FDIC's suit and had an *independent basis* for filing a claim for its unpaid legal fees for pre-litigation services. In contrast, Sellan was not a creditor of the failed bank before the RTC's suit and Sellan had no independent basis for filing a claim against the RTC.

Our conclusion is buttressed by the fact that adopting the RTC's interpretation of FIRREA's exhaustion requirement would lead to cumbersome, piecemeal litigation. If the RTC were to deny Sellan's claim, Sellan would be entitled to judicial review of the disallowance. However, FIRREA's venue rules require him to bring suit in the district court for the District of Columbia or in the district where the failed bank had its principal place of business, in this case Nebraska. *See* 12 U.S.C. § 1821(d)(6)(A). This means that Sellan, who was haled into federal court by the RTC in Nevada, would, after prevailing at trial and on appeal, now have to file a separate suit in either the District of Columbia or Nebraska to recover his fees and costs. We cannot believe Congress could possibly have intended such a ponderous and unfair process, and agree with the district court that "requiring Sellan to submit his demand for attorney's fees to the RTC would frustrate the purpose of the administrative procedures of expeditiously dealing [with] failed savings and loan institutions." Order of March 13, 1992, at 5.

The district court's summary judgment and its award of attorney's fees and costs to Sellan are AFFIRMED.

awarded to the prevailing party...."); Cal.Civ. Code § 1717(a) ("Reasonable attorney's fees shall be fixed by the court, and shall be an element of the *costs* of suit.").

The opinion, filed in this consolidated appeal on April 25, 1994, is amended as follows: [Amendments incorporated for purposes of publication].

With this amendment, the petition for rehearing in appeal No. 92–15419 is DENIED.

With this amendment, the panel also denies the petition for rehearing in appeal No. 92–16194. Judges Nelson and Norris voted to reject the suggestion for a rehearing en banc, and Judge Choy recommended the same. The full court has been advised of the suggestion for en banc rehearing and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b). The petition for rehearing in No. 92–16194 is DENIED and the suggestion for a rehearing en banc is REJECTED.