24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 RESOLUTION TRUST CORPORATION; Pacific Coast Federal Savings
Association of America, Plaintiffs-Appellees,
v.
Bruce FLANAGAN, Defendant-Appellant.
Bruce FLANAGAN, Joan Flanagan, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION; as Receiver for Pacific Coast
Federal Savings Association of America,
Defendants-Appellees.
 Nos. 92-16994, 92-17041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided May 16, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Flanagans appeal a district court order granting the Resolution Trust Corporation's ("RTC") motions for partial summary judgment and summary judgment. The district court concluded that it lacked subject matter jurisdiction because the Flanagans failed to exhaust administrative remedies under FIRREA before filing suit in district court. See 12 U.S.C. Sec. 1821(d)(13)(D) (Supp. I 1989). We affirm.
 
 
 3
 On March 17, 1990, the Office of Thrift Supervisors appointed the RTC as conservator of Pacific Coast Savings ("PCS"). The RTC became receiver of PCS on April 27, 1990. In accordance with 12 U.S.C. Sec. 1821(d)(3), the RTC set August 5, 1990, as the deadline for filing claims against PCS with the RTC, and published notice of the date in six San Francisco Bay area newspapers. The RTC did not send the Flanagans written notice of the August 5th bar date.
 
 
 4
 On September 19, 1990, the Flanagans filed suit against PCS, alleging that PCS depressed its earnings, "juggled the books and mismanaged the business so as to provide an excuse not to meet their obligations" under a settlement agreement with the Flanagans. The Flanagans filed no administrative claim with RTC before this date. On October 3, 1990, the RTC filed a nondischargeability suit against the Flanagans in bankruptcy court, and the Flanagans filed a counterclaim. The reference was withdrawn from the bankruptcy court, and the district court consolidated both the Flanagans' tort claims and the RTC's nondischargeability action.
 
 
 5
 The district court concluded that the Flanagans failed to exhaust the administrative claims procedure under FIRREA, because they filed their lawsuit before filing an administrative claim. D.Ct. Order at 2. The court also concluded that the Flanagans were not creditors on the books of PCS at the time of the bar date, so they were not entitled to actual notice. Id. at 1. The district court order is now final because the district court has dismissed all claims in both cases. See 28 U.S.C. Sec. 1291 (1988).
 
 
 6
 A creditor must exhaust administrative remedies under FIRREA before a district court will have subject matter jurisdiction to consider the case. RTC v. Midwest Fed. Savings, 4 F.3d 1490, 1495 (9th Cir.1993); Henderson v. Bank of New England, 986 F.2d 319, 320 (9th Cir.), cert. denied, 114 S.Ct. 559 (1993). FIRREA requires a receiver to "promptly publish a notice to the depository institution's creditors to present their claims." 12 U.S.C. Sec. 1821(d)(3)(B) (Supp. I 1989). It also requires the RTC to "mail a notice ... to any creditor shown on the institution's books," id. Sec. 1821(d)(3)(C), and to mail notice to a claimant "not appearing on the institution's books within 30 days after the discovery of [the claimant's] name and address," id. Sec. 1821(d)(3)(C)(ii). Because the RTC was aware of PCS's contingent obligation to the Flanagans, the Flanagans were "creditors on the books," and the RTC should have mailed them notice. The RTC's failure to mail notice, however, does not excuse the Flanagans' failure to file a claim with the RTC.
 
 
 7
 "Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821." Henderson, 986 F.2d at 320; see 12 U.S.C. Sec. 1821(d)(13)(D) (Supp. I 1989). Section 1821(d)(6)(A) permits a claimant to file suit on a claim in district court
 
 
 8
 [b]efore the end of the 60-day period beginning on the earlier of--
 
 
 9
 (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the [RTC] is receiver; or
 
 
 10
 (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i)....
 
 
 11
 12 U.S.C. Sec. 1821(d)(6)(A) (Supp. I 1989). Subsection (5)(A)(i) states: "Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with the [RTC] as receiver, the [RTC] shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim." Id. Sec. 1821(d)(5)(A)(i) (emphasis added). Thus, a claimant must first file a claim with the RTC before a claimant can file suit in district court. This the Flanagans failed to do.
 
 
 12
 If the Flanagans had filed a claim with the RTC after the bar date, the RTC would have had discretion to consider the claim. See id. Sec. 1821(d)(5)(C)(ii). If the RTC then disallowed the claim for late filing, the Flanagans would have had 60 days within which to file in district court. See id. Sec. 1821(d)(6)(A)(ii). However, because the Flanagans did not file a claim with the RTC before they filed suit in district court, their lawsuit was premature. The district court properly concluded that it lacked subject matter jurisdiction.
 
 
 13
 We AFFIRM the district court order.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3