32 F.3d 1360
 31 Collier Bankr.Cas.2d 726, 25 Bankr.Ct.Dec. 1475,
Bankr. L. Rep. P 75,988
 Clarence L. HEDGES, Debtor, Patricia Hedges Beckett,
Personal Representative for Clarence Lee Hedges, Appellant,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Gibraltar
Savings, F.A., Successor-in-Interest to Cathedral
Mortgage Company, Inc., a California
corporation, Appellee.
In re Clarence L. HEDGES, Debtor/Deceased by Patricia Hedges
Beckett, Personal Representative for Clarence Lee Hedges.
Afton Jane IZEN, Appellant,
v.
RESOLUTION TRUST CORPORATION, as Receiver for Gibraltar
Savings, F.A., Successor-in-Interest to Cathedral
Mortgage Company, Inc., a California
corporation, Appellees.
 Nos. 92-16952, 93-15606.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided July 14, 1994.
 
 Afton Jane Izen, Bellaire Texas, for the appellant.
 Timothy L. Pierson and Timothy P. Stallcup, Perry, Pierson & Kolsrud, Phoenix, Arizona, for the appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 PER CURIAM:
 
 
 1
 We decide certain issues arising under section 524(a)(2) of the Bankruptcy Code and also clarify the source of a district court's authority to impose sanctions on appeal from a bankruptcy court.
 
 
 2
 * On August 19, 1985, Patricia Hedges Beckett ("Beckett") executed a promissory note for $96,000, secured by a deed to residential property ("the property"). Supp. ER, doc. 1, at p 3. But Beckett defaulted, sometime after the original payee assigned the note to Cathedral Mortgage Corporation ("Cathedral"), id. at pp 5, 7--the predecessor in interest to appellee Resolution Trust Corporation ("RTC"). Then, through a series of conveyances, Beckett sought to convey a life interest in the property to her father, Clarence Lee Hedges ("Hedges" or "the debtor"). Id. at pp 8, 9-10. Shortly thereafter, Cathedral purchased the property at a trustee's sale, getting a deed that, it says, "vested all right, title and interest in the Property in Cathedral." Id. at p 12.
 
 
 3
 Hedges filed for bankruptcy, and Cathedral filed a proof of claim seeking to establish ownership of the property and to get post-petition rent for Hedges' occupancy of it, along with costs and fees. See Supp. ER, doc. 1, at p 2. Hedges never objected to this proof of claim. On August 25, 1989, the bankruptcy court ruled that Hedges was entitled to a discharge for his pre-petition debts. ER, doc. 8, at 1.
 
 
 4
 Six months later, Cathedral sought a determination from the bankruptcy court that 11 U.S.C. Sec. 524(a)(2) did not prevent it from seeking to evict Hedges and to collect post-petition rent. ER, doc. 2, at 3. Hedges never responded. Though an Arizona Superior Court had made Beckett temporary guardian for Hedges, she did not secure counsel for him, instead seeking to appear personally on his behalf. Id. At a hearing two months later, the bankruptcy court declined to let her do so, denied her motion for a continuance, and ruled that section 524 did not prevent Cathedral from seeking to enforce its rights in state court. Id. at 3-4.
 
 
 5
 Five days after the hearing, Hedges, now represented by counsel Afton J. Izen, filed a Motion for Reconsideration which raised a series of objections to the bankruptcy court's ruling. Id. The bankruptcy court denied the motion. Id.
 
 
 6
 On appeal in district court, counsel sought three extensions, Sanctions ER, doc. 7, at item 4; id. at item 15; id. at item 24, and a stay pending appeal. The district court denied the stay unless Hedges posted a $10,000 bond. Sanctions Supp. ER, doc. 2, at 1. Hedges made two botched attempts at posting the bond, see Sanctions Supp. ER, doc. 4, at 1; id., doc. 5, at 2, before finally getting it right. Id., doc. 6.
 
 
 7
 Hedges then filed a series of unsuccessful motions, including one in bankruptcy court demanding that opposing counsel show authority to represent his client, Sanctions ER, doc. 6, at item 61--which was dismissed as "moot and frivolous," Sanctions Supp. ER, doc. 5, at 2-and another in district court seeking to supplement the record on appeal with items not before the bankruptcy court, id., doc. 7, at 1; id. at 4 (denying motion).
 
 
 8
 The district court affirmed the bankruptcy court and sanctioned Hedges' counsel for fees and costs, which totalled $24,207.09. Sanctions ER, doc. 2. Before us, Hedges renews the claims rejected by the district court, while his counsel appeals the sanctions.II
 
 
 9
 Hedges urges us not to reach the merits of the bankruptcy court's section 524 determination. Rather, he says we should reverse outright because he had a constitutional right to counsel which the bankruptcy court violated by leaving him unrepresented at the section 524 hearing. But there is no absolute right to counsel in civil proceedings. See Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir.1982). Moreover, as his court-appointed temporary guardian, Beckett had the same powers as a permanent guardian, see Ariz.Rev.Stat.Ann. Sec. 14-5310(I) (1993), and could thus have retained counsel for him, see Ariz.Rev.Stat.Ann. Sec. 14-5312(A)(3) (1993), but declined to do so.
 
 
 10
 Nor must we reverse just because Cathedral never filed an adversary proceeding or complied with the time limits imposed by section 523 and Bankruptcy Rule 7001, as Hedges claims we should. Cathedral was not making a claim under section 523--that is, it wasn't saying Hedges' debt was non-dischargeable. Rather, Cathedral made its claim under section 524, arguing that this provision's permanent injunction didn't apply to the actions it was attempting: evicting Hedges and collecting post-petition rents. To pursue these claims, Cathedral didn't have to comply with the procedural requirements of section 523.
 
 
 11
 On the merits, the bankruptcy court did not err in determining under section 524(a)(2) that Cathedral could properly seek to evict Hedges and collect post-petition rents consistent with the permanent injunction accompanying a bankruptcy discharge. Cathedral was not seeking to collect a pre-petition debt, something that would not be permitted under section 524.[1] See 11 U.S.C. Sec. 524(a)(2). Rather, Cathedral was seeking first to evict Hedges from property it claims to have purchased in a trustee's sale. See Supp. ER, doc. 1. Second, Cathedral sought compensation for Hedges' post-petition use of the property--that is, post-petition rent. While Hedges disputes both these claims--by arguing that a life estate was reserved for him when the property was sold--this dispute is about the scope of the parties' property interests and the post-petition liabilities which flow from them, not about a pre-petition debt or avoided lien. Thus, the injunction does not prevent a state court from adjudicating these issues.
 
 III
 
 12
 As to sanctions, we initially reject the argument that we are without jurisdiction to decide this question. In particular, we do not agree that the RTC had to exhaust administrative remedies under 12 U.S.C. Sec. 1821 before coming to federal court. That is a prerequisite for an action against the RTC, see Henderson v. Bank of New England, 986 F.2d 319 (9th Cir.1993), not one brought by it. Authority for the latter comes from 12 U.S.C. Sec. 1821(d)(2)(B)(ii), which empowers the RTC to "collect all obligations and money due the institution" and says nothing about exhausting administrative remedies.
 
 
 13
 The more interesting issue is the source of the district court's authority to impose sanctions. We've already held that Rule 11 does not empower district courts to impose sanctions when they are serving in their capacity as bankruptcy reviewing courts. In re Akros Installations, Inc., 834 F.2d 1526, 1531 (9th Cir.1987). Moreover, while the district court could presumably impose sanctions under its inherent powers or under 28 U.S.C. Sec. 1927, it would have to find recklessness or bad faith, see id. at 1532, which it did not here.
 
 
 14
 Nor could the district court rely on Fed.R.App.P. 38. On its face, this rule doesn't apply to proceedings before a district court. See Fed.R.App.P. 38 ("If a court of appeals shall determine that an appeal is frivolous, it may award just damages....") (emphasis added). A district court also cannot rely on the fact that the Bankruptcy Appellate Panel--the alternative forum for review of bankruptcy court orders--uses Rule 38. In concluding it could rely on Rule 38, the BAP pointed to Rule 13 of its own rules of procedure, which directs it to apply the Federal Rules of Appellate Procedure whenever the Bankruptcy Rules and BAP rules are silent. See In re Burkhart, 84 B.R. 658, 661 (9th Cir. BAP 1988). BAP Rule 13 does not apply in district court, nor is there an equivalent rule in the Federal Rules of Civil Procedure.
 
 
 15
 Rather, the proper authority is Bankruptcy Rule 9011 (which is essentially identical to Rule 11). While we've held that a prior version of Rule 9011 doesn't authorize district courts to impose sanctions in appeals from bankruptcy court, Akros, 834 F.2d at 1531, the Bankruptcy Rules have been amended. Specifically, they no longer define "court" as "bankruptcy court," a definition we considered dispositive in Akros. See id. Rather, "court" is now defined as "the judicial officer before whom a case or proceedings is pending." Bankr.R. 9001(4). This broader phrase clearly sweeps in district courts. See In re Roete, 936 F.2d 963, 967 (7th Cir.1991) ("From the plain language of the 1987 amendment, it is clear that Rule 9011 applies to the district court.").
 
 
 16
 The district court, therefore, certainly had authority to impose sanctions on counsel and, though the amount it imposed was substantial, we find no abuse of discretion. As the district court properly concluded, "The legal arguments raised in Debtor's briefs are wholly without merit. Furthermore, the record is replete with Debtor's counsel requesting numerous extensions and counsel's failure to follow the proper procedural rules unless ordered by this Court." ER, doc. 2, at 8.
 
 
 17
 However, we elect not to award sanctions on appeal. Given the amount of the sanctions, we do not fault counsel for trying to have the award reversed, nor was the effort frivolous.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Section 524(a)(2) reads as follows:
 A discharge in a case under this title ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any [debt discharged under section 727, 944, 1141, 1228, or 1328 of this title] as a personal liability of the debtor, whether or not discharge of such debt is waived....
 11 U.S.C. Sec. 524(a)(2).