92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert M. LEVINE, Debtor.
Robert M. LEVINE, Appellant-Defendant,
v.
CALUMET NATIONAL BANK, as Administrator of the Estate of
Donald Levine and the Estate of Marsha Levine,
Appellee-Plaintiff.
 No. 95-15239.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner and Chapter 7 debtor Robert M. Levine appeals pro se the district court's affirmance of the bankruptcy court's order granting the motion of Calumet National Bank for relief from an automatic stay. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 This court reviews the district court's decision on an appeal from a bankruptcy court de novo. See In re Daily, 47 F.3d 365, 367 (9th Cir.1995); In re Siragusa, 27 F.3d 406, 407 (9th Cir.1994) (per curiam). We independently review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. 500 W. Ina Rd. Trust v. Tucker (In re Tucker), 989 F.2d 328, 330 (9th Cir.1993).
 
 
 4
 Levine contends that the bankruptcy court lacked jurisdictional authority to issue a lift of stay in a non-core proceeding. This contention lacks merit.
 
 
 5
 Bankruptcy courts may only hear and determine "core proceedings" arising under the Bankruptcy Code. See 28 U.S.C. § 157(b)(1); Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1497 (9th Cir.1995). "Core proceedings include ... motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(G). Accordingly, the bankruptcy court had jurisdiction to consider Calumet's motion for relief from the automatic stay. See 28 U.S.C. § 157(b)(1); Jacobson, 50 F.3d at 1497.
 
 
 6
 Levine also contends that the bankruptcy court lacked authority to order or deny appointment of counsel. This contention lacks merit.
 
 
 7
 "[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir.1994) (citation omitted), cert. denied, 115 S.Ct. 1792 (1995). "Appointment of counsel in civil matters in the Ninth Circuit is restricted to exceptional circumstances." See Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989) (quotation and citation omitted). "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved." See id. (citation omitted). Levine did not establish that his case presented exceptional circumstances meeting 28 U.S.C. § 1915(e)(1). See Hedges, 32 F.3d at 1363.[1]
 
 
 8
 Levine contends that he was denied access to the court in violation of the First and Fifth Amendment because he was denied leave to appear telephonically for a court-ordered hearing. This contention lacks merit. There is no constitutional guaranty of oral argument. See, e.g., Fed.R.App.P. 34(a).
 
 
 9
 Levine contends that the district court abused its discretion by failing to recuse the bankruptcy judge. This contention lacks merit.
 
 
 10
 A judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. See 28 U.S.C. § 455(a). "Courts have held that bias and prejudice for the purpose of this statute must stem from an extra-judicial source, not from information gained in the course of the proceeding." In re Manoa Finance Co., 781 F.2d 1370, 1373 (9th Cir.1986) (citation omitted), cert. denied, 479 U.S. 1064 (1987). "[I]nformation and beliefs formed during current or prior proceedings may serve as the basis of a ... motion, but only 'if they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' " See U.S. v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994) (citing Liteky v. United States, 114 S.Ct. 1147, 1157 (1994)), cert. denied, 115 S.Ct. 946 (1995).
 
 
 11
 Here, Levine claimed that Judge Moorman was biased against him in the bankruptcy proceeding after he learned that Levine was convicted of conspiracy to murder his brother. However, Levine did not show that Judge Moorman displayed a deep-seated favoritism or antagonism in his deliberations by denying his motion for appointment of counsel and to appear telephonically. Accordingly, the district court did not err by failing to recuse Judge Moorman. See id. at 1149 (quoting that judicial rulings alone almost never constitute valid bases for bias or partiality motions and per se cannot show reliance upon an extra-judicial source).
 
 
 12
 All pending motions are denied.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In so far as Levine contends that the bankruptcy court erred because the bankruptcy court did not appoint counsel to represent him, we conclude, based on the record before us, that it was harmless error for the bankruptcy court to have decided this issue rather than referring it to the district court