NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EAGLE SPE NV 1, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SOUTHERN HIGHLANDS DEVELOPMENT CORP.; et al., <br><br> Defendants-Appellees. | No. 17-15639 <br><br> D.C. No. 2:12-cv-00550-MMD-PAL <br><br> MEMORANDUM* |
| EAGLE SPE NV 1, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SOUTHERN HIGHLANDS DEVELOPMENT CORP.; et al., <br><br> Defendants-Appellants. | No. 18-15588 <br><br> D.C. No. 2:12-cv-00550-MMD-PAL |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 13, 2019**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision

San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and BASTIAN,*** District Judge.

In this deficiency action, Eagle SPE NV 1, Inc., appeals the entry of summary judgment in favor of its debtors and guarantors—Southern Highlands Development Corporation; Olympia Group, LLC; Olympia Land Corporation; Gary Goett, Guy Inzalaco; the Goett Family Trust Dated September 4, 1987; and the Inzalaco Family Trust Dated November 7, 1997 (collectively, "Defendants")— and Defendants appeal the district court's denial of attorneys' fees. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's entry of summary judgment and its preemption determination. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011); *Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1060 (9th Cir. 2017). We reverse the entry of summary judgment and vacate the order denying attorneys' fees.

During the relevant timeframe, a Nevada statute, NRS 40.459(1)(c), limited the recovery available in deficiency actions. With nuances not relevant here, the Nevada law prohibited a mortgage assignee from recovering in a deficiency action

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

2

more than the assignee paid in consideration to acquire the asset. The district court granted summary judgment to Defendants because it determined that the Nevada statute foreclosed recovery by Eagle, which acquired the subject loan for nominal consideration from its corporate parent, Branch Banking and Trust Company ("BB&T").

State law is preempted where it "frustrates the purpose of the national legislation, or impairs the efficiencies of these agencies of the federal government to discharge the duties for the performance of which they were created." *McClellan v. Chipman*, 164 U.S. 347, 357 (1896) (quotation omitted). The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA")—enacted "to enable the federal government to respond swiftly and effectively to the declining financial condition of the nation's banks and savings institutions," *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993)—preempts the Nevada statute in this context.

This conclusion follows directly from *Branch Banking & Trust Co. v. D.M.S.I., LLC*, which we decided after the district court entered summary judgment. 871 F.3d 751, 762 (9th Cir. 2017); *see also Munoz v. Branch Banking & Tr. Co.*, 348 P.3d 689, 692–93 (Nev. 2015). The sole difference between this case and *D.M.S.I.* is inconsequential to conflict preemption: *D.M.S.I.* addressed a direct transferee of the Federal Deposit Insurance Corporation ("FDIC"), whereas

3

Eagle was an indirect transferee, having received the loan via BB&T. *D.M.S.I.*, 871 F.3d at 762; *see also Coastline Re Holdings NV Corp. v. Willin, LLC*, 398 P.3d 291 (Nev. 2017) (unpublished) (Nevada court extending the same analysis to an indirect transferee). Assignment to "foreclosure subsidiaries," such as Eagle, permits FDIC assignees to insulate themselves from exposure stemming from failed bank assets, which are often risky and hastily analyzed. This role is important to the FDIC's mission, under FIRREA, of disposing of failed banks' assets. *See D.M.S.I.*, 871 F.3d at 762. Applying the Nevada statute here, as in *D.M.S.I.*, would "frustrate[] the purpose of the national legislation" and "impair[] the efficiencies of" the FDIC. *McClellan*, 164 U.S. at 357. In this context too, FIRREA preempts NRS 40.459(1)(c), and summary judgment was improper.[1]

Because the attorneys' fees motion and appeal were premised on Defendants' success on the merits, we vacate the order denying attorneys' fees.

**REVERSED in part, VACATED in part, and REMANDED.**

Defendants shall bear costs on appeal.

---

[1] We need not reach Eagle's alternative argument that applying NRS 40.459(1)(c) violates the Contract Clause.